Davis *v.* Fish.

Judgment reversed.

*H. M. Shelby*, for plaintiff in error.

*Howell & Cowles*, for defendant.

———o ◊ o———

## Davis *v.* Fish.

A written agreement between D. and F. stipulated that D. should furnish certain kinds of goods at 25 per cent and other kinds at 10 per cent. advance, and concluded with the stipulation: "All goods billed at 25 per cent. payable in six months, at ten per cent. in four months, by adding ten per cent interest," held that the interest should be charged on the goods furnished at 25 per cent. as well as on those furnished at ten.

### *Error to Wapello District Court.*

*Opinion by* KINNEY, J. Davis sued Fish in assumpsit and declared upon the following contract. "This is to certify that I do agree to furnish E. D. Fish, any articles of goods we may have to dispose of, namely, twenty five per cent. for all kinds of goods except the following: sugar, coffee, iron casting, nails, salt, molasses, at ten per cent. by adding transportation. Flour, corn meal, whiskey, bacon, &c., to be consigned at the lowest cash price, by the quantity, and accounted for when sold. The above articles to be furnished as the said Fish order on memorandum, goods to be delivered at 40 cts per 100 to Eddyville, Iowa. All goods billed at 25 per cent. payable in six months, at 10 per cent. in four months, by adding 10 per cent. interest."

The only question arising in this case, is one growing out of a construction of this last clause of the agreement.

The court instructed the jury " that the contract to pay interest was confined to the goods billed at ten per cent. advance, and that those which were billed at twenty five per cent. advance, would draw interest by the statute at six per cent. after due." Although the concluding part of the contract is somewhat ambiguous, and evidently written in that laconic style which is somewhat peculiar to commercial men, still we think, the construction given it by the court, is different from what the parties intended at the time. In the construction of all contracts, the great object of the courts should be to reach the intention of the parties. This can sometimes be ascertained from the express language used in the contract, but at other times words which evidently contradict the general spirit of the agreement must be disregarded, and the meaning of the parties declared without reference to the language used except as far as it expresses the intention of parties. In the construction of this contract much is left to inference. All goods billed at 25 per cent. payable in six months, at 10 per cent., that is all goods billed at 10 per cent. payable in four months.

The adding of the ten per cent interest, we think, refers to the entire amount of goods thus billed. The matter would have been placed. beyond all doubt, if the words " upon the whole amount," had been inserted after the word "interest" but the omission is characteristic of the entire contract. The fewest words possible, are used by the parties to express their liability. The statute authorizes parties to contract in writing for ten per cent. interest. It is reasonable to presume, that this contract was made with reference to this statute, and that as time was given, it was the intention of the parties to stipulate for that amount, particularly as the contract bears this construction. Davis agrees to furnish Fish with goods. They are to be billed at a certain per cent. above costs, and time is to be given for payment, four months upon one bill, and

six upon the other. Ten per cent. interest is stipulated, which we think, taken in connection with the character of the contract was intended by the parties to apply to the whole amount of goods billed.

Judgment reversed.

*Wright & Knapp*, for plaintiff in error.

*S. W. Summers* and *H. D. Ives.* for defendant.